UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM D. COPE JR.**                                                            **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:15-CV-P316-JHM**

**DAVID PUCKETT** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff William D. Cope Jr., a pretrial detainee currently incarcerated in the Louisville

Metro Department of Corrections (LMDC), filed a *pro se* complaint under 42 U.S.C. § 1983.

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A

and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss this

action.

## I.  SUMMARY OF CLAIMS

Plaintiff identifies the following four Defendants in this action:  (1) David Puckett, the

Classification Supervisor at LMDC; (2) Mark Boltan, the Director of Security at LMDC;

(3) Lt. Eubanks, an Internal Affairs supervisor at LMDC; and (4) Lt. Eggers, an Internal Affairs -

investigator at LMDC.  Each Defendant is sued only in his official capacity.  Plaintiff seeks

monetary and punitive damages, the "FiRiNg [of] DAvid Puckett," and "paiN/suFFeRing,

cRuel/uNusuAl puNishment, Loss of wAges."

According to Plaintiff, on or around September 2, 2014, he was housed in the general

population, in part, for the failure to comply with the sex offender registry.  Plaintiff states that

during the Labor Day weekend he was sexually assaulted by three African American males.

Plaintiff states that the males who assaulted him threatened his life if he brought the assault to

the attention of the staff.  Therefore, according to Plaintiff, he waited until he was called out for an afternoon "Acu-check."  During this check, Plaintiff states that the nurse and supervising officers noticed that he had two new black eyes, a cut on his head, and a "Busted Lip."  Plaintiff states that he told "em I fell in the shower, But I wAs detAiNed iN A hold oveR till Sgt. GoFF checked the video suRvelleNce secuRity footAge, to deteRmiNe I wAs eNvolved iN A multiple peRsoN AlteRcAtioN ANd DRAgged to the BAck of the DoRm."  Plaintiff states that "he" asked Plaintiff to "pick out the Guilty pARties" and ensured Plaintiff that he would be protected.

According to Plaintiff, he was then taken to the medical floor for seizure observation. Plaintiff states that a week later he felt safe enough to tell "A Sgt." about the sexual assault incident.  He states that this Sgt. called Captain Goodleft, and the two of them "mAde A RepoRt."  According to Plaintiff, he was interviewed by Defendant Eubanks on several occasions.  Plaintiff continues stating the following:

> [T]hey All AssuRed me I'd Be plAced iNto PRotective Custody oNce I wAs cleARed By the meNtAl Health Dept, I wAs moved to the 5th FlooR of the HAll of Justice iN A siNgle Cell And iNteRviewed By ClAssificAtioN SupeRvisoR About this iNcident ANd my FeAR About BlAckmeN AfteR I'be BeeN RAped iN pRisoN (20) years Ago oveR my stAtutoRy RApe 3Rd 0 CoNvictioN thAt he Refused me PRotective Custody Due to ARguemeNtive disAgreements we hAd ANd A DARogatoRy Comment I mAde towaRds him and About my situAtioN, He HAd me moved to A All BlAck Level (4) MAx. SecuRity DoRm of the New JAiL at 4-DoRm-4-B-side iN RetAlliAtioN, which A 3Rd shift SupeRvisoR CoRRected oNce my issues were kNowN iN the SecuRity And AdMiNistRAtioNs Dept., I ReFused to go BAck to A GeNeRAl populAtion DoRm Due too my phsyciAtRic histoRy and multiple Diagnoses with Bi-polAR, ANti-socciAl ReFlective disoRdeR, and schitsophRNia/DepRessioN.   The SecuRity DiRectoR of opeRAtioNs and the AdmiNistRatioNs FouNd my claim to be "uNsubstAiNtuAted" iN the findiNgs of EvideNce, the CommoNweAlth AttoRNeys Office Refused to pRocess my clAims without D.N.A. SAmples oR specimeNs Due to me being A coNvicted Sex offeNdeR, And "DAvid Puckett mAde the CommeNt that I got whAt I deseRved, And Next time LeAve kids AloNe" . . . I wAs moved ARouNd to several diffeReNt DoRms, And MR. Puckett JeopoRdised my sAFety oveR A GReivANce FoRm I Filed oN A iNdividuAl iN J3-6-B iN Nov. 2014 oR Dec. 2014, so I ReFused to RetuRN to GeNeRAl populAtioN And the meNtAl heAlth CoRdiNAteR Ms. KAKiggby

helped me get plAced oN AdmiN. Seg. StAtus, Although I feel DiscRimeNAted AgAiNst By L.M.D.C. over the P.R.E.A. iNvestigAtioNs As well As my Right were violAted oN the PRotective Custody issues FoR A SecuRe Housing . . . .

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

*A. 42 U.S.C. § 1983 Claims*

Plaintiff's claims pursuant to 42 U.S.C. § 1983 are brought against each Defendant only in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Louisville/Jefferson County Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'"  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm.  As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Louisville/Jefferson County Metro Government, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, Plaintiff's claims brought under 42 U.S.C. § 1983 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B.  *Prison Rape Elimination Act (PREA) Claim***

Plaintiff states that he feels discriminated against by LMDC "over the P.R.E.A. iNvestigAtioNs."  It is unclear whether Plaintiff is attempting to raise a claim under the PREA, 42 U.S.C. § 15601 *et seq*.  However, construing his complaint in the light most favorable to him, as the Court must, the Court construes Plaintiff's complaint as raising a claim under the PREA.

"[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002).  Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.  *See Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11VCV1290(VLB), 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing

in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *5 (E.D. Cal. Sept. 29, 2011) ("[T]he PREA does not create a private right of action . . . ."); *Woodstock v. Golder*, No. 10-CV-00348-ZLW-KLM, 2011 WL 1060566, at *9 (D. Colo. Feb. 7, 2011) ("PREA provides no private right of action.") (citation omitted). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

Upon consideration, this Court concludes that the PREA creates no private right of action. Plaintiff's claim under that Act will, therefore, be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, this complaint will be dismissed by separate Order.

Date: August 17, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4414.003

7